IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC. | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 2753 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| GENERAL MOTORS COMPANY, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

The plaintiff has filed a motion captioned "Motion to Compel GM to Comply With Its Deposition Discovery Obligations" [Dkt. #114]. The Motion seeks to compel:

(1) ... in-person depositions of GM's deponents subject to confirmation of each deponent's work-from-home status; or

a. In the alternative, should the depositions proceed remotely, an extra seven hours of on-the-record time for each deposition that requires a translator; and

b. Splitting each deposition of a foreign witness into multiple days;

(2) Granting LKQ's request to count every seven hours of Rule 30(b)(6) depositions as a singular [sic] deposition, regardless of how many witnesses testify, and treating individual depositions taken in conjunction with Rule 30(b)(6) depositions as a Rule 30(b)(6) deposition (not an individual deposition) for purposes of counting that deposition toward the deposition limit;

(3) Granting LKQ's request to increase the number of depositions to eighteen (18); and

(4) Granting LKQ's request to extend the discovery deadline from October 1, 2021 to December 1, 2021.

[Dkt. ##114; 115, at 12-13]. That is a lot to ask for in the final few weeks of discovery, and that is only one of plaintiff's two discovery motions; and defendant has filed a third. For the following reasons, the plaintiff's motion is, in the main, denied, with the limited exceptions discussed below.

## ARGUMENT

### A.

In resolving discovery disputes courts have wide discretion. *Bell Atlantic v. Twombly*, 550 U.S. 544, 595 (2007); *Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). Discretion is the antithesis of an inflexible rule. *High Mark Inc. v. All Care Health Mgmt. Sys.,* Inc., 572 U.S. 559, 563 (2014); *Langnes v. Green*, 282 U.S. 531, 541 (1931); *The Styria v. Morgan,* 186 U.S. 1, 10 (1902); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996). Thus, there are no "right" or "wrong" answers. Discretion connotes a range, not a point. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). Indeed, on a virtually identical set of facts, two decision-makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *See Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015).

Indeed, a party can only overturn a discovery ruling where there has been a mistake of law or an "abuse of discretion." Rule 72(a), Federal Rules of Civil Procedure. As to the latter, it occurs when no reasonable person could agree with the district court's decision. *Adams v. City of*

*Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). Consequently, it is hardly worth drawing lines in the sand over rather routine and common-sense matters like the number of allowable depositions and the place, time, and manner of their taking during a pandemic. But that is what has occurred here.

We shall deal with the last disagreement first, because plaintiff's demand for in-person depositions can be summarily denied. The plaintiff asks the court to order deponents to sit for in person depositions, including witnesses who plaintiffs want ordered to travel from South Korea to the United States to be deposed in the presence of counsel, "unless the deponent can confirm all of the following: (a) whether the deponent states that the deponent is uncomfortable proceeding with an in-person deposition due to COVID-19; (b) whether the deponent has, for the preceding 30 days, worked for GM remotely-only; (c) whether the deponent has attended any in-person work-related meeting during the preceding 30 days; and (d) whether the deponent has been advised that GM requires the deponent to work remotely for the next 60 days." [Dkt. #115, at 3]. With all due respect – and at the risk of sounding critical [Dkt. # 112, at 2] – we shall not have mini-trials and oath swearing contests and inevitable challenges to statements in witness affidavits in order to find out if people are constantly working from home or sometimes working from home or have traveled for business, etc., as the plaintiff insists must occur before video depositions – rather than in person depositions – may be ordered. And surely we are not going to do so on the basis of a single, unreported Order from a court in California that plaintiff's counsel failed even to attach to its motion to compel.[1] And it certainly ought not be done when the risks involved to health and life far eclipse

---

[1] The three-page Order was a brief ruling on an *ex parte* application from the defendant asking that depositions of eleven employees be taken remotely. https://www.cadwalader.com/uploads/media/CDCA-8-20-cv-00048-374.pdf. It included neither case law nor legal analysis. It was simply a conclusion
(continued...)

3

what, at best, are relatively small damage claims involving car parts. [Dkt. #115, at 11]. It is difficult to imagine a more inappropriate request than that made by the plaintiff given the dire circumstances that presently exist.

Contrary to the suggestion in plaintiff's motion, there is, and continues to be, a global pandemic that has, to date, taken the lives of more than 640,000 Americans alone – more lives than were lost by Americans in all of World War II – and whose virulence increases daily.[2] All the press reports chronicle the number of people who are suffering from the virus and are essentially occupying most, if not all in some places, of the available emergency room beds. And the predictions for the future are, to say the least, dire – and terrifying. Neither this case nor any other justifies procedures that threaten the prospective health and safety and peace of mind of deponents, court reporters, and lawyers. *See* the extended discussions in *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2021 WL 3566596, at *2 (N.D. Ill. 2021); *Sanders v. Cangiolosi*, 2021 WL 1121084 (N.D.Ill. 2021); *Smid v. Molex*, 2020 WL 6132221 (N.D.Ill. 2020).

In short, plaintiff's motion to take live depositions unless the prospective deponents answer certain questions – and in a particular way – is denied.

---

[1](...continued)
by a judicial officer. It, of course, is not binding in this case. More importantly, an opinion with no analysis or discussion is, at best, "weak authority." *Szmaj v. AT & T*, 291 F.3d 955, 956 (7th Cir. 2002).

[2] Plaintiff says the New York Times reported that Covid-19 cases were at an annual low. [Dkt. #124, at 2 n.2]. Daily reports on television and in the newspapers attest to the increasing virulence of the pandemic, both here and throughout the world, and to the appearance of at least one, if not two, lethal variants of Covid-19 that are spreading throughout the country. The suggestion of the plaintiffs about the scope of the pandemic and its risks is certainly not borne out by the overwhelming body of evidence to which one sadly is exposed on a daily basis.

**C.**

The plaintiff's demand for double the deposition time for remote depositions requiring translators is also denied. An additional three hours, however, will be allowed. *See, e.g., Marlborough Holdings Grp., Ltd. v. Pliske Marine, Inc.*, 2010 WL 4614704, at *3 (S.D. Fla. 2010)(14 hours); *Artec Grp., Inc. v. Klimov*, 2017 WL 9614086, at *1 (N.D. Cal. 2017)(14 hours); *Loop AI Labs Inc v. Gatti*, 2017 WL 65632, at *4 n.4 (N.D. Cal. 2017)(10 hours); *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 5844311, at *3 (S.D. Fla. 2016)(10 hours); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 2015 WL 5244440, at *3 (S.D. Ohio 2015)(8 hours).[3] Also, in order to make depositions taken remotely of witnesses in South Korea more manageable, they will begin at 6:00 pm Chicago time and be broken into two five-hour segments over two evenings – or days, in South Korea.

Plaintiff also seeks permission to take eighteen depositions – nearly twice the presumptive limit of ten under Fed.R.Civ.P. 30(a)(2)(A)(I). In regard to this demand, I find that "[p]laintiff has not adequately shown the necessity of the proposed additional depositions.*" Radiant Glob. Logistics, Inc. v. BTX Air Express of Detroit, LLC*, 2020 WL 1933818, at *5 (E.D. Mich. 2020). *See also Hertz Corp. v. Accenture LLP*, 2020 WL 1150053, at *2 (S.D.N.Y. 2020)("The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them."); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 6894074,

---

[3] Determining the length of a deposition invariably involves an exercise in discretion. Consequently, such a decision may vary – and properly so – depending on the decision maker's analysis of the situation. Obviously, the better course in a situation like the present one is to have counsel resolve the issue by agreement. Indeed, it is a basic decision that eleven attorneys from three law firms ought to be able to make without animosity or difficulty. An inability to make so basic a decision redounds to the detriment of the legal profession as a whole, to the public, and to others whose cases are awaiting judicial resolution. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991).

at *1 (S.D. Cal. 2019)("A party seeking to exceed the presumptive limit of ten depositions bears the burden of making a 'particularized showing' of the need for additional depositions.").

**D.**

In considering a motion for leave to take additional depositions, a court must decide whether allowing additional depositions is "proportional" to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).[4] In my view, double the normal limit of depositions in this case is out of proportion with the issues at stake and the amount in controversy. *Heilman v. Burke*, 2020 WL 4816387, at *2 (C.D. Ill. 2020). Moreover, with discovery set to end in less than six weeks, the question is why – assuming a real need for eighteen depositions – plaintiff did not notice its ten depositions until, in the main, June and July. As a result, and given the timing of the plaintiff's motion, plaintiff would schedule eight additional depositions in the last five weeks of discovery under the trying conditions of an increasingly destructive pandemic and the always conflicting and competing schedules of counsel and deponents. This sort of delay is inappropriate and does not warrant an extension. *See In re Sulfuric Acid Antitrust Litigation,* 230 F.R.D. 527, 533 (N.D.Ill. 2005); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005). Experience dictates that things will not be

---

[4] The concept of proportionality has long been a part of the Federal Rules of Civil Procedure, originally appearing as part of Rule 26(b)(2)(C)(iii). *See Velez v. City of Chicago,* 2021 WL 309028, n.1 (N.D.Ill. 2021). As to proportionality generally, *see* the informative discussions in Linda Simard, *Seeking Proportional Discovery: The Beginning of the End of Procedural Uniformity in Civil Rules*, 71 Vanderbilt L.Rev. 1919 (2018); Matthew T. Ciulla, *A Disproportionate Response? The 2015 Proportionality Amendments to Federal Rules of Civil Procedure 26(B)*, 92 Notre Dame L.Rev. 1395 (2016); Bernadette B. Genetin, *"Just a Bit Outside!": Proportionality and Federal Discovery and the Institutional Capacity of the Federal Courts*, 34 Review of Litigation 655 (2015).

as simple and straightforward as the plaintiff assumes. Indeed, given the plaintiff's late start on allowable depositions, and the parties' history of dealing with even routine discovery matters without court intervention, that would seem impossible.

Plaintiff also wants "every seven hours of Rule 30(b)(6) depositions [to count] as a singular [sic] deposition, regardless of how many witnesses testify, and [to] treat[] individual depositions taken in conjunction with Rule 30(b)(6) depositions as a Rule 30(b)(6) deposition (not an individual deposition) for purposes of counting that deposition toward the deposition limit." While it is difficult to ascertain exactly what plaintiff is looking for, as far as can be gleaned from the plaintiff's presentation, defendant has designated five separate witnesses to cover the Rule 30(b)(6) topics plaintiff noticed. [Dkt. #115, at 6]. Plaintiff also wants to depose those same five witnesses "in their individual capacities" and so served five individual deposition notices. [Dkt. #115, at 6-7]. And, plaintiff tells us that "[b]eyond those five witnesses, LKQ has noticed five additional individual depositions – placing it at the presumptive deposition limit." [Dkt. #115, at 7]. So, it would seem, that plaintiff wants its Rule 30(b)(6) deposition (of five witnesses) and a Rule 30(b)(1) deposition of the same witnesses to each count as one deposition, rather than two.

Under Rule 30(b)(6), a party may name as the deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The corporation "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . ." *Id.* Thus, regardless of how many witnesses are designated to testify, the deposition is one deposition of the corporation. *In re Sulfuric Acid Antitrust Litig.*, 2005 WL 1994105, at *3 (N.D. Ill. 2005)("The Advisory Committee Notes make clear that the drafters

intended to avoid that problem by counting a 30(b)(6) deposition as a single deposition, regardless of how many individuals were required to be designated to comply with a 30(b)(6) notice.").

Depositions of individuals, even individuals who have been designated as Rule 30(b)(6) witnesses, are a separate matter. Fed.R.Civ.P. 30(a)(2)(A)(ii) requires that a party must obtain leave of court before taking a deposition if "the deponent has already been deposed in the case." *See Vasquez v. Leprino Foods Co.*, 2021 WL 2661451, at *14 (E.D. Cal. 2021); *Stoba v. Saveology.com*, 2015 WL 13828736, at *2 (S.D. Cal. 2015) ("Where a witness has already been deposed in [a Rule] 30(b)(6) and individual capacities, a party must obtain leave of court to conduct a second deposition of the witness."). And while there can be some overlap, the subject matter must be distinct. *See Eli Lilly & Co. v. Arch Ins. Co.*, 2017 WL 2930571, at *4 (S.D. Ind. 2017)(witness could not be questioned in individual capacity at a 30(b)(6) deposition); *Kessler v. Palstar, Inc*., 2011 WL 4483775 at *3 (S.D. Ohio 2011) (it is improper for a party to expand upon an affidavit made in an affiant's individual capacity in a Rule 30(b)(6) deposition of the affiant). As such, an individual deposition is counted separately from a Rule 30(b)(6) deposition. *See Medline Indus., Inc. v. C.R. Bard, Inc*., 2016 WL 11739883, at *3 (N.D. Ill. 2016)(discussing the counting of 30(b)(1) and 30(b)(6) depositions separately); *Lawson v. Spirit AeroSystems, Inc*., 2020 WL 1285359, at *6 (D. Kan. 2020)(". . . depositions of [witnesses] in their individual capacities must count towards the ten-deposition limit, regardless of whether they are already testifying as Rule 30(b)(6) witnesses."); *X One, Inc. v. Uber Techs*., 2019 WL 2207645, at *2 (N.D. Cal. 2019) (denying leave to take individual depositions of Rule 30(b)(6) designees that would exceed ten-deposition limit). So, a 30(b)(6) deposition is one deposition, regardless of how many witnesses are designated. But if plaintiff feels it is important enough to also depose corporate designates as individuals, those have

to be counted, individually, against the presumptive limit of ten. This portion of plaintiff's motion is denied.

Finally, the plaintiff's request for a two-month discovery extension is also denied. Plaintiff stymied ESI discovery for approximately two months. [Dkt. ##65, 68, 74, 75, 81]. That had a predictable "domino effect" on document production, which in turn set back deposition scheduling. *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)(domino effect of late disclosure); *Logantree LP v. Garmin International, Inc.*, 2021 WL 3421577, at *7 (D. Kan. 2021)(discussing the domino effect of even a minimal delay).[5] All plaintiff had to do was participate in ESI discovery and propose search terms as set forth in the court's ESI discovery Order. Instead, plaintiff refused, maintaining that it could produce documents without employing any search terms, rather than operating in "good faith" as expressly required by Local Rule 37.2. *See, e.g., Chicago Regal Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Gunn v. Stevens Security & Training Servs., Inc.,* 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith discussion."). *Cf. Israel Travel Advisory Svc., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1255 (7th Cir. 1995)("a plaintiff who does not cooperate in discovery must expect to lose.").

---

[5] *See also Wallace v. S. Cable Sys., LLC*, 2017 WL 6994562, at *2 n.3 (N.D. Fla. 2017)(delay had the domino effect of disrupting all sequential dates and deadlines that have been in place); *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2021 WL 1124758, at *7 (D. Idaho 2021)(". . . this type of domino effect on discovery that has already taken so long would cause harm to the parties and continue to bog down the Court . . . ."); *SiteLock LLC v. GoDaddy.com LLC*, 2020 WL 6135189, at *17 (D. Ariz. 2020)("The parties' inability to complete written discovery has created a domino effect that has interfered with the scheduling of depositions and retention of experts."); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 4803928, at *2 (S.D.W. Va. 2017)("When parties fail to comply with discovery deadlines, a domino effect develops . . . .").

Plaintiff, however, dug in; weeks went by, and, as a consequence, there had to be motion practice, court intervention, and expenditure of judicial resources that could have been better spent elsewhere. All for what is ordinarily a routine matter, thereby not only affecting this case but numerous other cases on the court's docket. *See, e.g., Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991). Now, the plaintiff seeks an additional two months tacked onto the discovery deadline – an extension that should have been unnecessary had there been a less obdurate approach to discovery requests and the Rule 37.2 conferences. But choices have consequences. *Hogan v. Quinn*, 867 F.3d 816, 820 (7th Cir. 2017).

The single case plaintiff relies on to support its demand for an additional 60 days of unlimited discovery, *Equal Emp. Opportunity Comm'n v. Rogers Behav. Health*, 2020 WL 6702033 (E.D. Wis. 2020), is not remotely comparable to this case and does not support the nature and extent of the relief sought. There the court allowed the EEOC to take a single deposition after the close of discovery. It was not the *carte blanche* two-month extension the plaintiff suggests it was and that it asks for in its brief. [Dkt. #115, at 12].

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel [Dkt. #114] is denied with the exceptions noted in this Opinion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/9/21