IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC. | ) ) ) | |
| Plaintiff, | ) ) | No. 20 C 2753 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| GENERAL MOTORS COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

General Motors has filed a motion to compel responses to three sweeping discovery requests – an interrogatory and two document demands – that seek information relating to *all* GM replacement parts plaintiff has sold in the last four years, as well as *all* documents relating to a lawsuit the plaintiff filed against the Department of Homeland Security three years ago in Delaware.[1] For the following reasons, the Motion [Dkt. ##106, 107] is denied.

First, there are Interrogatory 15 and Request for Production 60. They could not be much broader. Interrogatory 15 asks plaintiff to "Identify *all* GM Replacement Parts sold or offered for sale by LKQ in the United States between 2018 and the present that are not listed in Schedule A to the DPLA [Design Patent License Agreement]." (Emphasis supplied). The clear language of the request seeks *all* parts, whether patented or *not*, and whether accused of infringement or *not*. Similarly, Request for Production 60 demands production of all "Documents sufficient to identify

---

[1] The case that the defendant wants all documentation from was dismissed on jurisdictional grounds and for failure to state a claim upon which relief could be granted. *LKQ Corp. v. United States Dep't of Homeland Sec.*, 369 F. Supp. 3d 577, 590 (D. Del. 2019).

any GM Replacement parts sold or offered for sale by LKQ in the United States between 2018 and the present."

The fact that the requests take in all parts, whether patented or not, is reason enough to deny the defendant's motion. The defendant argues that its broad discovery requests are relevant to willful infringement because it could show a pattern of copying. [Dkt. #106, at 2, 7-9]. But copying of unpatented products is lawful. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232–33 (1964); *Compco Corp. v. Day–Brite Lighting, Inc.*, 376 U.S. 234 (1964); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 154 (1989); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1131 (Fed. Cir. 1993). So, documents showing the sale of parts that are not under patent – or are perhaps licensed – is obviously irrelevant, and the Supreme Court has cautioned that the relevancy requirement should be "firmly applied...." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). *See also* Frank Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635 (1989). Thus, a party is not entitled to every document that strikes the fancy of counsel. "Discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). It is well to recall the late Judge Moran's cogent insight that the discovery rules are not a ticket to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest. "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994).

It is maddening that the defendant admits this in its reply brief and now claims it is "of course willing to narrow the discovery request to just unlicensed, GM-patented products that LKQ copies and produces for sale . . . ." [Dkt. #126, at 4-5]. This is unfortunately too little, too late. The concession should have come much earlier. The underlying issue, after all, could not have been more

straightforward. *See* Federal Rules of Civil Procedure 11(b). If the defendant understood this, why make the discovery the target of a motion to compel? *See* Fed.R.Civ.P. 11(b)("By presenting to the court a . . . written motion . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .").

     As for those parts that are patented, the defendant is still a good distance off target. There are circumstance in which the copying of patented products other than the accused products might be relevant, but not here. This type of discovery can sometimes be relevant if the requesting party can articulate, in a focused, particularized manner, the characteristics or components that the unaccused products must have in order to suggest that *they may infringe the patents-in-suit*. Thus, the unaccused product would be related to an issue – the allegations of infringement – in the case. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed.Cir. 1990). So, the requesting party has to show that the requested discovery relates to products "reasonably similar" to those that have been specifically accused of infringement. *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 279 (D. Del. 2012); *Prism Techs., LLC v. Adobe Sys., Inc.*, 2011 WL 6210292, at *5 (D.Neb. 2011); *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F.Supp.2d 650, 656 (E.D.Tex.2009). More specifically:

> the party seeking such discovery must first identify with requisite specificity the type of product or system at issue. Second, the party must also identify with specificity the component, characteristic, or element of the product or system that the claimant[ ] believes will render the product or system infringing.

*Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 279–80 (D. Del. 2012). *See also AbCellera Biologics Inc. v. Berkeley Lights, Inc.*, 2021 WL 3346412, at *3 (N.D. Cal. 2021)("Not only is the 20k chip product not accused, but Plaintiffs also articulate no basis for their belief that the product infringes one or more claims of a patent-in-suit."); *Aavid Thermalloy LLC v. Cooler Master Co.*, 2018 WL 10322165, at *2 (N.D. Cal. 2018)(plaintiff must articulate how unnamed products share same, or substantially the same, infringing structure' with named product); *Dentsply Int'l, Inc. v. US Endodontics, LLC*, 2016 WL 6088482, at *3 (E.D. Tenn. 2016)(finding that plaintiff was only entitled to information relative to accused products; other devices were too attenuated to be relevant and discoverable);*Monolithic Power Sys. v. Silergy Corp.*, 2015 WL 5897719, at *3 (N.D. Cal. 2015) (requiring plaintiff to explain why it believes the unaccused product infringes as a condition for obtaining discovery). Defendant has not even attempted to do that here; it simply filed an ill-conceived, overbroad motion to compel.

 Defendant might have taken a cue from the cases it relies upon, neither of which support the trolling expedition it wants to take here. In *GSI Group, Inc. v. Sukup Mfg. Co.*, 591 F.Supp.2d 977 (C.D. Ill. 2008), the patents–in-suit all related to various components of a tower grain dryer system, a system both the plaintiff and the defendant manufactured. There were no other products involved in the case; it was, to analogize to the case here, car hoods to car hoods. Nor did the plaintiff collect evidence regarding other products. As such, the relevant evidence in *GSI Group* was not a list of everything the defendant ever sold – if it ever sold anything else – but evidence that the defendant photographed and inspected plaintiff's dryer and then copied it. Similarly, in *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 979 (Fed. Cir. 1986), the relevant evidence was the defendant having inspected the patented machine it was accused of infringing and then copying it.

4

> That leaves Request for Production 52, which seeks:
>
> All Documents relating to LKQ's and Keystone's interactions with the United States Customs and Border Protection relating to *LKQ Corp. v. United States Dep't of Homeland Sec.*, 369 F. Supp. 3d 577 (D. Del. 2019).

This request could not have been more overbroad.

In the instant case, the parties have amassed over 2700 pages of docketed filings and entries alone. As for their own correspondence – "interactions" as the request calls them – they have jousted back and forth through many lengthy emails, and the court has only been party to a portion attached as exhibits to their several discovery motions. The defendant claims to have produced over 70,000 *documents* [Dkt. #118, at 2 n.1]; how many pages that is, one can only guess, but those pages are all related to the "interactions" in this case. We do not know how much discovery plaintiff has produced, but letters of requests for more documents have been sent on far-flung journeys around the globe. And, there will likely be several hundred pages of deposition transcripts when all is said and done. Defendant asks for all this, but from another case in Delaware. Material from that case would likely amount to well over 100,000 pages if the instant case is any guide.

Rule 26(b) mandates that discovery – which has become a runaway train, *Eggleston v. Chicago Journeymen Plumbers' Loc. Union No. 130, U. A.*, 657 F.2d 890, 901 (7th Cir. 1981) – a monster on the loose, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986) – and is the bane of modern litigation, *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000) – be throttled by the concept of "proportionality." Courts are *required* by the Federal Rules of Civil Procedure to look at discovery requests with an eye toward "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

5

or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Proportionality, like other concepts, it is not self-defining; it requires a common sense and experiential assessment. *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 326 F.R.D. 171, 175 (N.D. Ill. 2018). Indeed, Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary noted that the addition of "proportionality" to Rule 26(b) "crystalize[d] the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Id.* (emphasis added).

The discovery the defendant asks for here is woefully out of proportion with the needs of this particular case, as the defendant's lawyers have explained:

> This is a straightforward case that involves four vehicle parts: two hoods, one lower grille, and one headlight bezel. By LKQ's own admission, "the total combined net sales for all products accused of infringement are less than $400,000." The issues in the case are limited to whether GM's patents on those four parts are valid, whether LKQ's copy-cat products infringe GM's patents, and the amount of damages (which LKQ pegs at around $400,000) owed by LKQ for its infringement. . . . this case is small, with only $400,000 in LKQ sales at issue. This is not a "bet the company" case for either side, or a high-profile criminal trial. [Dkt. #118, at 1, 9-10].

Given that, the defendant's request for all the documents related to another case is overbroad and improper, even if a portion of those documents might be relevant. This part of defendant's motion is also denied.

Along the lines of its overreaching Interrogatory 15 and Request for Production 60, in its reply brief, the defendant concedes that its Request for Production 52 was sloppily drafted and didn't mean what it said. Instead, the defendant explains, all it really wants from the Delaware case is the Declaration of Justin Jude. [Dkt. # 126, at 6-7]. But if that's the case, the obvious question is why draft and serve such a hopelessly broad and disproportionate discovery request and make

6

it part of a motion to compel? After all, the lawyers for the defendant are not exactly ingenues. What the defendant attempts to do in its reply brief ought to have been done in its document requests. "Reply briefs are for replying," *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987); *Horvath v. Apria Healthcare, LLC*, 2019 WL 5725378, at *2 (N.D. Ill. 2019), not for sandbagging, or tacitly making concessions when one has no other choice or for serving amended discovery requests indirectly. And certainly a reply brief is not for tasking the court with redrafting ill-conceived, sweeping discovery requests on counsel's behalf. *See Ty, Inc. v. Target Corp.*, 2021 WL 1885987, at *6 (N.D. Ill. 2021)("If those are the documents plaintiff wanted, it had several opportunities to actually ask for them. It never did, and the court cannot redraft the versions of documents requests the [defendant] served . . . so the [defendant] can get what it now says it should have asked for in the first place."). *See also see Copeland v. C.A.A.I.R., Inc.*, 2020 WL 972754, at *5 (N.D. Okla. 2020); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 2019 WL 7496775, at *3 (D. Haw. 2019); *Uni-Sys., LLC v. U.S. Tennis Ass'n*, 2017 WL 4081904, at *5 (E.D.N.Y. 2017); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 13238450, at *4 (D. Nev. 2015); *Heim v. BNSF Ry. Co.*, 2014 WL 6949044, at *9 (D. Neb. 2014); *Medicis Pharm. Corp. v. Actavis Mid Atl. LLC*, 282 F.R.D. 395, 398 (D. Del. 2012); *Primm v. Aerofil Tech., Inc.*, 2012 WL 13102523, at n.4 (M.D. Fla. 2012); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 2010 WL 502721, at *8 (D. Colo. 2010); *Dombach v. Allstate Ins. Co.*, 1998 WL 695998, at *7 (E.D. Pa. 1998).

      Indeed, it is unfair – and impermissible – for the court to help one side to the detriment of the other. *United States v. Gustin*, 642 F.3d 573, 575 (7th Cir. 2011)("it is not a judge's job to assist one advocate at another's expense."). *Accord Carmen v. San Francisco Unified School Dist.*, 237

F.3d 1026, 1031 (9th Cir. 2001)(a court cannot "in practical effect, ... become[ ] the lawyer for the [plaintiff], performing the lawyer's duty....").

## CONCLUSION

For the foregoing reasons, General Motors' Motion to Compel [Dkt. ##106, 107] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/9/21