UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION, AND KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs and Counter-Defendants, <br><br> v. <br><br> GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, AND GENERAL MOTORS, LLC, <br><br> Defendants and Counter-Plaintiffs. | No. 20 C 2753 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

LKQ Corporation and Keystone Automotive Industries bring this action seeking a declaratory judgment that LKQ does not infringe four GM design patents. GM brought a counterclaim alleging that LKQ infringes the four patents. LKQ seeks leave to supplement its invalidity contentions. LKQ's motion, R. 160, is granted.[1]

**Background**

LKQ sells various automotive parts by distributing them to third parties and advertising through third-party platforms. In March 2013, GM and LKQ entered into

---

[1] LKQ previously had two pending motions to supplement its invalidity contentions. R. 84, R. 160. On December 17, 2021, LKQ filed an unopposed motion to withdraw those portions of its pending motions pertaining to 35 U.S.C. § 112. The entirety of LKQ's first motion for leave to supplement its invalidity contentions, R. 84, involved § 112 arguments. As to LKQ's second motion for leave to supplement, LKQ withdraws the § 112 arguments, and GM has consented to a number of proposed amendments. R. 200 at 2. There remains only one issue to be decided, which the Court addresses in this order. Accordingly, the Court grants LKQ's motion to withdraw, R. 200, and denies as moot LKQ's first motion to supplement its invalidity contentions, R. 84.

a Patent License Agreement ("Agreement") granting LKQ a license to manufacture and sell parts based on certain GM design patents. The Agreement is set to expire in early 2022, so in 2017, the parties began negotiating a new one. Negotiations apparently broke down. LKQ filed this suit on May 6, 2020, seeking a declaratory judgment of non-infringement and invalidity of GM's '532, '743, '285, and '825 patents ("challenged patents") – patents not included in the Agreement. R. 1. GM filed a counterclaim on September 11, 2020, alleging LKQ was infringing the challenged patents. R. 36.

Discovery commenced. On January 29, 2021, LKQ served its Initial Invalidity Contentions on GM, asserting the challenged patents were invalid under 35 U.S.C. § 112 because GM "has not provided an adequate written description of what it regards as its invention." R. 84 at 3. On October 15, 2021, LKQ filed its second motion for leave to supplement its invalidity contentions. R. 160. The motion seeks to add six amendments to its invalidity contentions, four of which are unopposed by GM.[2] *Id.* at 4. The fifth proposed amendment sought to "clarify or supplement" its indefiniteness arguments under § 112. LKQ has withdrawn this portion of its motion. R. 200. The only issue before this Court is its sixth proposed amendment, in which LKQ seeks to include a claim that GM's US Design Patent D824,825 is invalid as obvious or anticipated by European Design No. 002250803-0001 (the "EU Design").

---

[2] GM does not oppose LKQ's motion to supplement invalidity contentions with regard to (1) public disclosure; (2) on-sale bar; (3) inequitable conduct; and (4) functionality. R. 161 at 4. LKQ has shown good cause to grant its motion for the unopposed contentions.

2

**Legal Standard**

Pursuant to this Court's Scheduling Order, R. 60, the parties may amend their contentions after the initial deadline upon a showing of good cause. To demonstrate good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the nonmoving party will not suffer unfair prejudice if the amendment is permitted. *Peerless Industries, Inc. v. Crimson AV, LLC*, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013) (collecting cases). When good cause is shown, courts liberally grant leave to amend. *Thermapure, Inc. v. Giersten Co. of Ill.*, 2012 WL 6196912, at *1 (N.D. Ill. Dec. 11, 2012).

**Analysis**

**I. Diligence**

LKQ was diligent in seeking to amend its invalidity contentions. On March 31, 2021, LKQ served its Fourth Set of Requests for Production on GM, requesting "all design patents filed by or on behalf of GM that purport to cover the hood of the 2011 Buick Regal." R. 161 at 7. On April 30, 2021, GM refused to turn over any such information on the grounds that the 2011 Buick Regal was outside the scope of this litigation.[3] *Id*. LKQ investigated and now believes the EU Design covers the

---

[3] In its Response, GM briefly argues the EU patent is outside the scope of LKQ's discovery requests. R. 169 at 5. GM initially made the same argument in withholding information about the 2011 Buick Regal, but apparently changed its mind and ultimately disclosed hood and full-vehicle patents regarding the 2011 Buick Regal on October 21, 2021, six days after LKQ's motion for leave to supplement its invalidity contentions was filed (and seven months after LKQ first requested the information). *Id*. The EU Design was not turned over. The Court generally agrees with LKQ that its discovery request for "all design patents filed by or on behalf of GM that purport to cover the hood of the 2011 Buick Regal" encompasses the EU Design, if LKQ is

3

European version of the 2011 Buick Regal (the Opel Insignia), and thus the design covering the Insignia depicts the corresponding 2011 Regal. *Id.* at 7-8. In seeking to add the EU Design to its invalidity contentions as a reference, LKQ is expanding on the prior art already disclosed in its initial contentions. *See Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. July 1, 2008) (granting a motion to amend invalidity contentions because the amendments merely supplemented initial contentions as opposed to raising new issues).

GM argues LKQ has not given a reason why it didn't conduct its investigation that led to discovery of the EU Design at the outset of the case. R. 169 at 4. That argument has no merit – LKQ would not have needed to look into the EU Design if GM had provided responsive documents regarding the 2011 Buick Regal. Further, the fact that the EU Design existed as prior art at the outset of the case does not necessarily indicate a lack of diligence on the part of LKQ. Courts have routinely rejected the argument that a publicly available prior art reference must be brought at the outset of a case. *See Illumina Inc. v. BFI Genomics Co., Ltd.*, 2021 WL 1022865, at *3 (N.D. Cal. Mar. 17, 2021) ("Unsuccessful prior art searches, standing alone, do not demonstrate an absence of diligence*."); Karl Storz Endoscopy-Am., Inc. v. Stryker*

---

correct in determining the EU Design depicts the 2011 Buick Regal. Notably, GM does not deny that the EU Design depicts the 2011 Buick Regal and makes only conclusory arguments in contending its EU Design is not within the scope of discovery. GM makes no attempt to distinguish LKQ's case law providing that a failure to disclose information or a failure to give straightforward discovery responses weighs in favor of permitting amendment of invalidity contentions. *See, e.g., Thermapure, Inc.*, 2012 WL 6196912, at *3 (allowing supplementation where "[movant] inquired into these topics, however, it did not receive a forthright response").

4

*Corp.*, 2016 WL 2855260, at *9 (N.D. Cal. May 13, 2016) (the possibility that a movant may have discovered a reference earlier "does not defeat its diligence"). The cases cited by GM in support of the opposite position are distinguishable from this case. *See Contour IP Holding, LLC v. GoPro, Inc.*, 2020 WL 109063, at *1 (N.D. Cal. 2020) (denying a motion to add nine distinct cameras, unrelated to previously disclosed prior art references, almost three years after initial invalidity contentions); *West v. Jewelry Innovations, Inc.*, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008) (denying motion to add two prior art references where one was an inadvertent omission, rather than something diligently uncovered, and the other would require the nonmovant to find witnesses to events occurring 17 years prior).

In this case, LKQ propounded discovery regarding patents covering the 2011 Buick Regal on GM in March 2021, and when it received no information, it performed its own investigation, uncovered a reference it believes depicts the 2011 Regal, and sought to add it to its invalidity contentions. The Court finds this to be a sufficient showing of diligence.

## II. Unfair Prejudice

LKQ has shown GM will not be unfairly prejudiced if it is permitted to supplement its invalidity contentions. GM argues it will suffer prejudice because LKQ has "essentially deprived GM the ability to pursue any third-party discovery" on the issue since fact discovery is coming to a close. R. 169 at 5. But GM does not elaborate on what third-party discovery it may require. GM owns the EU Design and has not sought any third-party discovery on LKQ's other prior art references. R. 181

5

at 3, n.3. The remainder of GM's prejudice argument includes general statements that it will have to conduct more discovery if LKQ's motion is granted. Courts have rejected this argument. *See, e.g., Illumina*, 2021 WL 1022864, at \*5) (finding no prejudice even where an additional invalidity contention would likely require new discovery and where the close of fact discovery was "imminently approaching," because the opposing party had since the moving party first filed their motion to amend to conduct relevant fact discovery); *Days Corp. v. Lippert Components, Inc.*, 2019 WL 6876634, at \*3 (N.D. Ind. Dec. 17, 2019) (no prejudice where new invalidity contentions caused nonmoving party to have to conduct additional discovery and work with experts under a "compressed schedule," because the discovery would have occurred if the moving party had brought the new contentions as part of its initial contentions, so the cost and time of additional discovery was "simply a matter of earlier versus now.").[4]

GM's argument that it faces prejudice if LKQ's motion is granted is conclusory, and "at bottom, [GM's] prejudice arguments boil down to a complaint that the amendment will cause [GM] to perform more work than it would have to perform otherwise . . . But that is not prejudice." *Karl Storz*, 2016 WL 2855260, at \*9.

## Conclusion

For the foregoing reasons, LKQ's motion to supplement its invalidity contentions, R. 160, is granted in part and denied in part. The motion to supplement

---

[4] Discovery in this case has been referred to a Magistrate Judge. If either party needs more time to conduct discovery, they can, of course, file a motion with Magistrate Judge Cole and he will determine whether more time is appropriate.

its § 112 indefiniteness argument is denied as moot, and the remainder of the motion is granted. LKQ's motion to withdraw, R. 200, is granted, and its first motion to supplement its invalidity contentions, R. 84, is denied as moot.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: December 20, 2021