UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

LKQ Corporation, et al.
                    Plaintiff,
v.                                              Case No.: 1:20−cv−02753
                                                Honorable Thomas M. Durkin
General Motors Company, et al.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, January 24, 2022:

MINUTE entry before the Honorable Jeffrey Cole: The plaintiffs have filed a motion for sanctions against defendants under Fed.R.Civ.P. 37 asking for the entry of a default judgment. But, the plaintiff has filed the memorandum in support of its motion and a number of exhibits under seal without seeking leave of court pursuant to Local Rule 26.2. As such, the plaintiff's motion Dkt. #[202], and supporting materials Dkt. ##[203−206], are stricken. As the plaintiffs will no doubt attempt to correct their oversight and refile the materials with a properly supported motion to seal, the court notes that a cursory review of the material plaintiffs have sealed or redacted without leave do not appear to be confidential in the slightest. For example, the following redactions to plaintiffs' supporting memorandum were made: "But GM refuses to produce the documents, even though [it admits they exist.]" [Dkt. #203, at 7]; "Also, on December 20, 2021, [GM admitted that it sent a pre−critical date RFQ to Lacks and received RFQ responses from Lacks] (each of which...." [Dkt. #203, at 8]; "... efforts to mislead, as there is no dispute, and GM now admits, [that GM sent an RFQ and received RFQ responses related to the '285 patent from at least Magna/Norplas, and Magna/Norplas confirms these were prior to the critical date.]" [Dkt. #203, at 9]; "Indeed, GM admits that [that these documents should have been maintained under its document retention policy.]" [Dkt. #203, at 10]. As a further example, 47 pages of a deposition transcript are filed under seal. While it might be possible that an answer here or there could be properly redacted, it is highly unlikely the entire transcript can be. *See Bierk v. Tango Mobile, LLC,* No. 19 C 5167, 2021 WL 308833, at *2 (N.D. Ill. Jan. 29, 2021)("It is unlikely that everything in the transcript is confidential or even that most of it satisfies the criteria necessary for confidential treatment."). The federal courts are financed by the public and exist for the public good. Consequently, cases must be conducted in public to the maximum extent consistent with respecting trade secrets and other facts that should be held in confidence. *Matter of Hussain,* 866 F.3d 832, 835 (7th Cir. 2017)(a party hoping to seal documents must show good "reason to depart from the strong norm that judicial proceedings are open to public view."); *Hicklin Engineering L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.,* 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019). Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 595 (1980). "The determination of good cause [to seal materials] cannot be elided by allowing the

parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document... may... legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 546 (7th Cir. 2002). Emailed notice (yt)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.