UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, and GENERAL MOTORS LLC <br><br> Defendants. | Civil Action No. 1:20-cv-02753 <br><br> The Honorable Thomas M. Durkin |

**DEFENDANTS' *DAUBERT* MOTION TO PRECLUDE
TESTIMONY OF BRIAN BOOTH AND JASON HILL**

Defendants General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC (collectively "GM"), respectfully move this Court for an Order precluding the testimony of Plaintiffs LKQ Corporation and Keystone Automotive Industries, Inc.'s experts Brian Booth and Jason Hill. GM requests the Court preclude Mr. Booth from testifying entirely, and that it preclude Jason Hill from testifying as to his materiality opinions found in paragraphs 1, 2, 30, 343, 345, 347, 349, 351-53, 356, and 358 of his Initial Expert Report. As described in greater detail in the accompanying brief, these opinions do not meet the admissibility standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Mr. Booth's Initial Expert Report is unreliable and legally irrelevant. Mr. Booth's opinions consider only what a designer of ordinary skill ***could have*** physically done, not what a designer of ordinary skill ***would have been motivated to do***. And in providing these opinions, Mr. Booth relies on software from 2022 without any evidence that the functionality utilized

1

would have been available to a designer of ordinary skill in the art as of the priority dates of the patents-in-suit. The Court should hold Mr. Booth's opinions wholly inadmissible.

Mr. Hill offers speculative opinions regarding whether Patent Office examiners would have found certain references material to patentability. Yet Mr. Hill has never been a patent examiner, he has no training or experience in Patent Office procedures, and he is not qualified to testify about what an examiner would have done or thought. Furthermore, Mr. Hill bases his opinions on unreliable speculation about what the examiners knew and what they might have done under different circumstances. Finally, Mr. Hill's opinions constitute impermissible legal conclusions. Thus, Mr. Hill's materiality opinions are inadmissible.

Dated: December 16, 2022 FISH & RICHARDSON P.C.

By: */s/ Conrad A. Gosen*
John C. Adkisson (*pro hac vice*)
adkisson@fr.com
Joseph A. Herriges (*pro hac vice*)
herriges@fr.com
Conrad A. Gosen (*pro hac vice*)
gosen@fr.com
Brianna L. Chamberlin (*pro hac vice*)
chamberlin@fr.com
FISH & RICHARDSON P.C.
60 South 6th Street
Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Steven McMahon Zeller (IL 6238416)
szeller@dykema.com
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 627-2272

**Attorneys for *Defendants***
**General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC**

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via CM/ECF on December 16, 2022 upon all counsel of record.

          */s/ Conrad A. Gosen*
          Conrad A. Gosen (*pro hac vice*)
          gosen@fr.com