UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, and GENERAL MOTORS LLC<br><br>Defendants. | Civil Action No. 1:20-cv-02753<br><br>The Honorable Thomas M. Durkin |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

Defendants General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC (collectively, "GM") hereby move the court for an order granting it summary judgment of no inequitable conduct. This case has been pending for over two years, yet LKQ has failed to adequately define, or produce evidence to prove, any of its baseless inequitable conduct allegations.

Based on its allegations to date, and the facts in the record, LKQ's inequitable conduct theories fail as a matter of law for at least two reasons.

*First*, many of LKQ's allegations are based on the acts of GM employees or agents who were not even substantively involved in the filing or prosecution of the patents. Inequitable conduct does not apply to such people as a matter of law because they have no duty to disclose prior art to the Patent Office under 37 C.F.R. § 1.56(c).

*Second*, for the remaining attorneys and inventors that LKQ accuses, LKQ has not come forward with facts showing that anyone acted with a specific intent to deceive the Patent Office as required by *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir.

1

2011). LKQ did not obtain discovery from many of those it accuses of fraud and instead bases its claims on "information and belief" or that the individual "knew or should have known." This is not enough to meet the *Therasense* standard, which requires the individual "*made a deliberate decision* to withhold a *known* material reference." *Therasense*, 649 F.3d at 1290 (emphasis in original). Moreover, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Therasense*, 649 F.3d at 1290 (citation omitted). Thus, GM respectfully requests this Court to grant its Motion of Summary Judgment of No Inequitable Conduct.

Dated: December 16, 2022 FISH & RICHARDSON P.C.

By: */s/ Conrad A. Gosen*
John C. Adkisson (*pro hac vice*)
adkisson@fr.com
Joseph A. Herriges (*pro hac vice*)
herriges@fr.com
Conrad A. Gosen (*pro hac vice*)
gosen@fr.com
Brianna L. Chamberlin (*pro hac vice*)
chamberlin@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

Steven McMahon Zeller (IL 6238416)
szeller@dykema.com
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 627-2272

**Attorneys for *Defendants***
**General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served via CM/ECF on December 16, 2022 upon all counsel of record.

                                        */s/ Conrad A. Gosen*
                                        Conrad A. Gosen
                                        gosen@fr.com