IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC., | Case No. 1:20-cv-02753 |
| | Honorable Jeremy C. Daniel |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC and GENERAL MOTORS LLC | |
| Defendants. | |

**NOTICE OF WITHDRAWAL**

Plaintiffs LKQ Corporation and Keystone Automotive Industries, Inc. (together "LKQ") hereby withdraw Plaintiffs' Opposed Motion to Disqualify Fish & Richardson (Dkt. No. 447, hereinafter "Motion to Disqualify") and LKQ's Motion to Strike (Dkt. No. 466) for the following reasons:

While LKQ finds it had to believe that a court would condone Fish & Richardson's ("Fish") hiring away the paralegal[1] of a boutique intellectual property litigation firm ("Irwin IP") that has been adverse to Fish on numerous, significant intellectual property disputes between LKQ (Irwin IP's client) and GM (Fish's client) over the last several years, including this case now involving four design patents,[2] the Related Litigation (defined below) involving two design patents, and over

---

[1] While Ms. Rios had a project assistant assisting her for some of her tenure at Irwin IP and another senior legal assistant was hired towards the end of Ms. Rios's tenure with Irwin IP, Ms. Rios was the *only* paralegal for Irwin IP for much of the last three years.
[2] This case originally involved six design patents, but GM effectively conceded to LKQ's declaratory judgment of non-infringement as to two of the original patents-in-suit when it provided LKQ with a covenant not to sue on those patents.

1

a dozen Patent Trial and Appeal Board design patent validity challenges and related appeals,[3] on July 15, 2025, Magistrate Judge Weisman issued the order attached hereto as Exhibit 1[4] denying LKQ's substantially similar motion to disqualify F&R in the related litigation between the parties, *LKQ v. GM*, Case No. 21-5854 ("the Related Litigation").[5]

Given the standard applicable to an objection, it seems unlikely that Judge Alonso would sustain an objection to Magistrate Judge Weisman's order. Accordingly, LKQ does not plan on objecting to Magistrate Judge Weisman's order. As such, while it would be inappropriate to take advantage of this knowledge, GM's counsel herein will be employing and working daily with an individual with intimate knowledge of LKQ's litigation strategies and thought processes whether they are disqualified in this matter or not. Therefore, LKQ believes little is gained by disqualification in this matter at this point.

---

[3] One of those appeals involved the first *en banc* Federal Circuit hearing in a design patent matter in over fifteen years, the first *en banc* Federal Circuit hearing in a patent case in over five years, and an upending of the law applicable to the evaluation of design patent invalidity for obviousness. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280 (Fed. Cir. 2024).

[4] While Magistrate Judge Weisman's order requires LKQ to rely on Fish's ability to comply with its obligations under the ethical rules, Fish's repeated inability to do so is worth noting. Indeed, Fish submitted Magistrate Judge Weisman's order to the Court via a "Notice of Supplemental Authority" (Dkt. No. 549) without obtaining leave of Court in violation of this Court's February 21, 2023 order. Dkt. No. 317 (Addressing Fish's filing of a Notice of Supplemental Authority without first seeking leave of Court, stating: "Parties are reminded that they should seek leave to file additional briefs beyond those allowed under the briefing schedule order"). *See also* Ex. 1 at 1 granting LKQ's Motion to Strike in the Related Litigation because Fish violated LR 7.1 by filing, as it did here, "both an opposition to the motion and a memorandum of law in opposition to the motion."

[5] Magistrate Judge Weisman's order seems to ignore that the Court has a "duty 'to safeguard the sacrosanct privacy of the attorney-client relationship" and that the purpose of this duty is to uphold "the transcendent goal of maintaining the public trust in the propriety of legal proceedings." *Medgyesy v. Medgyesy*, 988 F. Supp. 2d 843, 847 (N.D. Ill. 2013) (quoting in part *Cromley v. Board of Educ. of Lockport Tp. High School Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994). Indeed, when faced with similar facts, courts across the country have granted motions to disqualify. *See e.g., Ullman v. Denco, Inc.*, No. 14-cv-843 SMV/GBW, 2015 WL 11111287 (D. N.M. Apr. 22, 2015) and *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158 (N.D. Cal. 2006).

Accordingly, and as referenced above, LKQ hereby withdraws its Motion to Disqualify (Dkt. No. 447) and its Motion to Strike (Dkt. No. 466). Relatedly, LKQ believes this Court can strike the July 24, 2025 evidentiary hearing related to LKQ's Motion to Strike (Dkt. No.545) and deny the parties' Joint Motion to Stay Deadlines Pending Resolution of Motion to Disqualify and to Reset Evidentiary Hearing ("Joint Motion 546") (Dkt. No. 546), currently noticed for presentment on July 17, 2025 at 9:30 a.m., as moot. To the extent the Court continues to desire to hear from witnesses in an evidentiary hearing, LKQ is prepared to proceed on the dates noted in the Joint Motion to Stay Deadlines Pending Resolution of Motion to Disqualify and to Reset Evidentiary Hearing (Dkt. No. 546).

Dated: July 16, 2025

Respectfully submitted,

By:    */s/ Michael P. Bregenzer*
Barry F. Irwin, P.C.
Michael P. Bregenzer
IRWIN IP LLP
150 N. Wacker Dr., Ste 700
Chicago, IL 60606
(312) 667-6080
birwin@irwinip.com
mbregenzer@irwinip.com

*Attorneys for Plaintiffs LKQ Corporation & Keystone Automotive Industries, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via ECF on July 16, 2025, upon all counsel of record.

*/s/Jennifer Frangella*
Jennifer Frangella
